UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:23-cv-06986-MCS-AGR | Date | September 25, 2023 |
| Title | *Vidana v. Gen. Motors, LLC* | | |

Present: The Honorable   Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) ORDER DENYING MOTION TO REMAND (ECF NO. 13) AND REQUIRING DEFENDANT TO SHOW CAUSE RE: SUBJECT-MATTER JURISDICTION

The Complaint in this case alleges a violation of the Song-Beverly Consumer Warranty Act. Defendant removed the action from state court, invoking diversity jurisdiction.

Plaintiff moves to remand the case. (Mot., ECF No. 13.) The motion is denied on procedural grounds. *E.g.*, C.D. Cal. Rs. 7-4, 7-5, 7-20; (Initial Standing Order § 9(a), ECF No. 9); *see Christian v. Mattel, Inc.*, 286 F.3d 1118, 1129 (9th Cir. 2002) ("The district court has considerable latitude in managing the parties' motion practice and enforcing local rules that place parameters on briefing."). Notably, the motion offers boilerplate challenges to the substantive and procedural propriety of removal without applying the legal arguments to the facts of the case at bar. The motion brief leaves the Court and Defendant to guess which of the myriad bases for remand invoked but not explored by Plaintiff's filing might possibly have merit. Plaintiff may be correct that Defendant bears the burden of demonstrating jurisdiction, (*see* Marden Decl. ¶ 6, ECF No. 13), but she fails to comply with the letter and spirit of Local Rule 7-5, which requires her to provide "[a] brief but

complete memorandum in support [of the motion] and the points and authorities upon which [she] will rely."

Notwithstanding, the Court questions its jurisdiction over the action on its own motion. *See Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012) (obliging courts to examine subject-matter jurisdiction issues *sua sponte*). Federal courts are of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). A defendant may remove a civil action in state court to federal court if the federal court has original jurisdiction over the action. 28 U.S.C. § 1441(a). There is a "strong presumption" against removal jurisdiction, and the removing party bears the burden of proving that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

To invoke diversity jurisdiction, a party must demonstrate that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). "[W]here it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled," the removing defendant must establish by a preponderance of the evidence that the amount in controversy "more likely than not" exceeds $75,000. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

The amount in controversy is not clear from the face of the Complaint. Plaintiff's civil case cover sheet filed in state court indicates that the amount demanded exceeds $25,000, (*see* Notice of Removal Ex. B, ECF No. 1-2), but nothing in the Complaint indicates whether the total amount Plaintiff seeks exceeds $75,000, (*see generally* Notice of Removal Ex. A, ECF No. 1-1). *Cf. Schneider v. Ford Motor Co.*, 441 F. Supp. 3d 909, 913 (N.D. Cal. 2020) ("[T]he Complaint alleges that Plaintiff suffered damages in a sum to be proven at trial in an amount that is *not less than* $25,001.00. Hence, while Plaintiff seeks restitution for the value of the car, civil penalties, and attorneys' fees and costs, it is unclear whether all these damages are subsumed within the request for $25,001." (internal quotation marks and citation omitted)). The Court questions Defendant's representations concerning the amount in controversy presented in the notice of removal.

The Court orders Defendant to show cause why the case should not be remanded for lack of jurisdiction. Defendant shall file a written response within 14

days either acknowledging the Court lacks diversity jurisdiction or establishing by a preponderance of evidence that the amount in controversy "more likely than not" exceeds $75,000. *Guglielmino*, 506 F.3d at 699; *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) (requiring "[e]vidence establishing the amount . . . when . . . the court questions[] the defendant's allegation" of the amount in controversy). Plaintiff may respond to Defendant's response within seven days of its filing.

**IT IS SO ORDERED.**